### APPEAL OF SELWYN OPERATING CORPORATION.

Docket No. 4851. Promulgated December 8, 1926.

1. PERSONAL SERVICE CORPORATION.—The taxpayer corporation, although organized without paid-in capital, immediately thereafter acquired a 10-year lease of a building valued at $800,000 or more, which it operated as a combination office and theatre building. *Held*, that under such conditions it can not be found that capital, either invested or borrowed, is not a material income-producing factor and personal service classification must be denied.

2. SECTION 303, REVENUE ACT OF 1918.—The taxpayer corporation, carrying on the business of operating a building, a part of which is rented for offices and a part of which is used for the conduct of a theatre, is not engaged in two such separate trades or businesses as to bring it within the provisions of section 303 of the Revenue Act of 1918.

3. SPECIAL ASSESSMENT.—The taxpayer corporation during the years in question had no paid-in or other form of invested capital and it paid no compensation to its three principal officers yet produced net income of $64,342.40 in 1919 and $90,034.31 in 1920. These facts establish such "abnormal conditions affecting the capital and income of the corporation" as to justify and require the application of section 328 of the Revenue Act of 1918 in the event that the total profits tax, determined under said section, shall be found to be less than the amount determined to be due under section 302.

*Ben Jenkins, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the Commissioner.

This is an appeal from the determination of deficiencies in income and profits taxes in the amounts of $25,257.50 for the calendar year 1919 and $37,075.78 for the calendar year 1920. The total amount of $62,333.28 is in controversy.

The petitioner asserts that the Commissioner erred in computing its tax liability for the years involved: (a) in denying it a personal service classification under section 200 of the Revenue Act of 1918, (b) in not considering any portion of its income as directly attributable to the personal services rendered by its officers, and in not determining its tax liability in accordance with the provisions of section 303 of the Revenue Act of 1918, and (c) in not determining its tax liability in accordance with the provisions of section 328 of the Revenue Act of 1918. Errors (b) and (c) are alleged in the alternative if it is found that the petitioner is not a personal service corporation.

#### FINDINGS OF FACT.

The petitioner is a New York corporation with its principal office at 229 West 42nd Street, New York City. It was organized in

June, 1918, with a capital stock of $10,000 held by Arch Selwyn, Crosby Gaige, Edgar Selwyn, and Lee Shubert, who hold 30 shares, 24⅜ shares, 20⅝ shares, and 25 shares, respectively. The stock was issued for the good will and services of the said stockholders. About $500 cash was contributed for incidental expenses.

At or about the time of its organization it acquired a lease of the Selwyn Theatre and office building connected therewith. The cost of this property to the lessor was more than $800,000. This theatre and office building was owned by the Selwyn Realty Corporation, the stockholders of which were Arch Selwyn, Crosby Gaige, and Edgar Selwyn. No stock was issued for the lease nor was any deposit or guarantee made to the Selwyn Realty Corporation. The rental was to be paid out of the box-office receipts and rentals. The lease was for a 10-year period, and the rent to be paid by the petitioner covered interest on the investment of the owners of the building, taxes, insurance, and ground rent plus an arbitrary sum of $10,000 per year. The office building comprised six floors, two of which were occupied by the Selwyn organization. The petitioner's income-tax returns for the years involved show under gross income, for the year 1919, rentals $113,549.09, and for the year 1920, $27,747.34. The office building and theatre expenses were not segregated on the books.

The petitioner produced no plays. Its business was the management and operation of the Selwyn Theatre. The successful operation of the theatre depended upon the knowledge and skill of the stockholders in selecting proper and attractive plays to be produced in the theatre. The petitioner entered into contracts with the owners and producers of plays whereby the plays were produced in the petitioner's theatre, and the gross box-office receipts were divided upon a certain percentage basis, usually about 50 per cent to the producer. The petitioner paid no actors and furnished no equipment for the production of plays. Its only employees were office help, box-office clerks, ticket-takers, stage hands, electrical men, and cleaners. The petitioner furnished four musicians, and if more were needed for any particular play the producer of the play furnished them. The stockholders took no part in the production of the plays with the exception of making suggestions to the producers for improvements in the plays. These services were for the benefit of the petitioner and without cost to the producers. Each of the stockholders is an acknowledged expert in the theatrical business, each having had more than a score of years of experience. Arch Selwyn, Edgar Selwyn, and Crosby Gaige write plays as individuals but not for the petitioner. Lee Shubert attended to the booking of plays for the petitioner. Edgar Selwyn is an author, playwright, pro-

ducer, and actor. He is author of the play "The Crowded Hour," and the play "Buddies" was written under his supervision. These two plays were produced in the Selwyn Treatre during a part of the years 1919 and 1920 but were produced under the same contracts, providing for certain percentages of the gross box-office receipts to the producer and the petitioner, as were entered into by the petitioner with other producers of plays.

The petitioner had no source of income other than the box-office receipts and the rentals from the office building. The petitioner's net income, and the division of the same among the stockholders for the years involved, was as follows:

|  | For the year 1919. | For the year 1920. |
|---|---|---|
| Total net income | $64,342.40 | $90,034.31 |
| Arch Selwyn, 30 shares | 19,302.72 | 27,010.29 |
| Edgar Selwyn, 20⅝ shares | 13,270.63 | 18,569.54 |
| Crosby Gaige, 24⅜ shares | 15,683.43 | 21,945.86 |
| Lee Shubert, 25 shares | 16,085.60 | 22,508.58 |

All of the stockholders, who were also officers of the taxpayer corporation, were actively engaged in the business but received no salaries or other compensation for their services. All the stockholders were also engaged in other theatrical businesses.

The petitioner's balance sheets as of December 31, 1919, and December 31, 1920, were as follows:

|  | Dec. 31, 1919. | Dec. 31, 1920. |
|---|---|---|
| **ASSETS.** |  |  |
| Cash | $118,729.13 | $224,780.72 |
| Accounts receivable | 63,956.74 | 2,380.70 |
| Deferred charges | 85,428.20 |  |
| Good will | 10,000.00 | 10,000.00 |
|  | 278,114.07 | 237,161.42 |
| **LIABILITIES.** |  |  |
| Accounts payable | 104,866.62 | 137,127.29 |
| Capital stock | 10,000.00 | 10,000.00 |
| Deferred credits | 163,247.45 |  |
| Undivided profits |  | 90,034.13 |
|  | 278,114.07 | 237,161.42 |

The petitioner filed its income-tax returns for the years 1919 and 1920 as a personal service corporation. The Commissioner disallowed the petitioner a classification as a personal service corporation and computed the taxes under section 302 of the Revenue Act of 1918, and upon net income of $64,342.40 for the year 1919 and $90,034.31 for the year 1920. From this determination the petitioner brought this proceeding before the Board.

TRUSSELL: The main question presented in the appeal at bar is whether or not the petitioner was during the years 1919 and 1920 a personal service corporation within the meaning of section 200 of the Revenue Act of 1918. The facts in the proceeding at bar are wholly similar to those in the *Appeal of Newam Theatre Corporation*, 1 B. T. A. 887, and under authority of the decision in that appeal personal service classification of this petitioner must be denied. Compare also *Cotton Hotel Co.* v. *Bass*, 7 Fed. (2d) 900.

The second question presented in the alternative is whether, if the petitioner is not a personal service corporation, it is entitled to a determination of its tax liability for 1919 and 1920 in accordance with the provisions of section 303 of the Revenue Act of 1918.

The petitioner's contention that its activity in respect to the renting and management of a part of a building for offices and the operation of another part of the same building as a theatre constitutes two separate trades or businesses, one of which might be said to require capital while the other is claimed to be the rendering of personal service, does not appear to be supported by the record. Capital may be just as much essential to the operation of a theatre as it may be to the conduct of an office building. We are, therefore, convinced that the record of this proceeding does not disclose such a state of facts as to warrant or require the application of the provisions of section 303 of the Revenue Act of 1918.

The third question presented in the alternative is whether, if questions (1) and (2) are answered in the negative, the petitioner is entitled to have its tax liability for the years 1919 and 1920 determined in accordance with the provisions of section 328 of the Revenue Act of 1918.

During the years here under consideration the petitioner had no paid-in or other invested capital as defined by section 326 of the Revenue Act of 1918. It paid no salary or other compensation to its three managing officers. It reported net income for the year 1919 in the amount of $64,342.40, and for the year 1920 in the amount of $90,034.31.

We are of the opinion that this record is sufficient to establish such abnormalities affecting capital and income as to require the determination of the petitioner's profits taxes for said years under the provisions of section 328 of the Revenue Act of 1918, provided that the Commissioner shall find that the amount of tax under said section shall be less than the amount computed under section 302, and that the Commissioner should now examine the proper comparatives and if he shall find that the total profits taxes for the

years here under consideration, computed under that section, are less than the amounts computed under section 302, the deficiencies should be recomputed accordingly.

*Judgment will be entered after 15 days' notice, under Rule 50.*