*726 OPINION.
Trussell:
The main question presented in the appeal at bar is whether or not the petitioner was during the years 1919 and 1920 a personal service corporation within the meaning of section 200 of the Revenue Act of 1918. The facts in the proceeding at bar are wholly similar to those in the Appeal of Newam Theatre Corporation, 1 B. T. A. 887, and under authority of the decision in that appeal personal service classification of this petitioner must be denied. Compare also Cotton Hotel Co. v. Bass, 7 Fed. (2d) 900.
The second question presented in the alternative is whether, if the petitioner is not a personal service corporation, it is entitled to a determination of its tax liability for 1919 and 1920 in accordance with the provisions of section 303 of the Revenue Act of 1918.
The petitioner’s contention that its activity in respect to the renting and management of a part of a building for offices and the operation of another part of the same building as a theatre constitutes two separate trades or businesses, one of which might be said tro require capital while the other is claimed to be the rendering of personal service, does not appear to be supported by the record. Capital may be just as much essential to the operation of a theatre as it may be to the conduct of an office building. We are, therefore, convinced that the record of this proceeding does not disclose such a state of facts as to warrant or require the application of the provisions of section 303 of the Revenue Act of 1918.
The third question presented in the alternative is whether, if questions (1) and (2) are answered in the negative, the petitioner is entitled to have its tax liability for the years 1919 and 1920 determined in accordance with the provisions of section 328 of the Revenue Act of 1918.
During the years here under consideration the petitioner had no paid-in or other invested capital as defined by section 326 of the Revenue Act of 1918. It paid no salary or other compensation to its three managing officers. It reported net income for the year 1919 in the amount of $64,342.40, and for the year 1920 in the amount of $90,034.31.
We are of the opinion that this record is sufficient to establish such abnormalities affecting capital and income as to require the determination of the petitioner’s profits taxes for said years under the provisions of section 328 of the Revenue Act of 1918, provided that the Commissioner shall find that the amount of tax under said section shall be less than the amount computed under section 302, and that the Commissioner should now examine the proper comparatives and if he shall find that the total profits taxes for the *727 years here under consideration, computed under that section, are less than the amounts computed under section 302, the deficiencies should be recomputed accordingly.
Judgment- will be entered after 15 days’ notice, under Rule 50.